# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

AIMEE VEDEN a/k/a LORENZEN,

    Plaintiff,

v.

HSBC BANK USA NATIONAL ASSOCIATION,

    Defendant.

CASE NO. C19-5434 BHS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant HSBC Bank USA National Association, as Trustee for the holders of the Merrill Lynch Investors Inc., Mortgage Pass-Through Certificates, Mana Series 2007-OAR5's ("HSBC") motion to dismiss. Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 17, 2019, Plaintiff Amiee Veden a/k/a Lorenzen ("Plaintiff") filed a complaint against HSBC asserting claims for quiet title, unjust enrichment, and

ORDER - 1

declaratory judgment. Dkt. 1. Plaintiff's claims are based on the alleged forgery of her and her consignor, Jason Lorenzen's ("Mr. Lorenzen") signatures on a Deed of Trust ("DOT") and Note securing Plaintiff's real property at 21315 Orting Kapowsin Highway East, Graham, Washington, 98338 (the "Property"). *Id.* ¶¶ 21–29.

In June 2007, Mr. Lorenzen signed the Note for a $238,400.00 loan from FirstLine Mortgage, Inc. ("FirstLine"). Dkt. 4-2 at 12. The DOT, however, was signed by both Mr. Lorenzen and Plaintiff. *Id.* at 11. It appears undisputed at this point that the DOT and Note were transferred from FirstLine to HSBC.

In August 2014, Plaintiff filed a bankruptcy petition in this District's Bankruptcy Court. Dkt. 14-2.[1] The ultimate outcome of this petition is unclear.

In November 2016, a Notice of Trustee's Sale for the Property was recorded in Pierce County, Washington records. Dkt. 1, ¶ 15. The sale was rescinded in June 2017. *Id.* In October 2017, Mr. Lorenzen quitclaimed his interest in the Property to Plaintiff. *Id.*, ¶ 18.

On February 6, 2018, Plaintiff filed a complaint in this Court against HSBC and others seeking declaratory judgment and asserting claims for slander of title and intentional infliction of emotional distress. *Lorenzen v. Mortgage Electronic Registration Systems, Inc.*, C18-5094BHS. In response to a motion to dismiss, Plaintiff voluntarily dismissed her complaint. *Id.*, Dkt. 14.

---

[1] HSBC requests that the Court take judicial notice of the petition. Dkt. 13 at 4. The Court will take judicial notice of this public filing.

On May 17, 2019, Plaintiff filed the instant complaint. Dkt. 1. On July 31, 2019, HSBC filed a motion to dismiss. Dkt. 13. Plaintiff did not respond. On August 30, 2019, HSBC replied. Dkt. 16.

## II. DISCUSSION

HSBC moves to dismiss based on judicial estoppel and failure to join a necessary party. As an initial matter, the Court agrees with HSBC that Plaintiff's failure to respond to HSBC's motion will be taken as an admission that the motion has merit. The Court, however, concludes that HSBC has failed to establish that Plaintiff's complaint should be dismissed with prejudice at this point of the proceeding.

Regarding judicial estoppel, the Court should consider at least three factors as follows: (1) whether the party's current position is clearly inconsistent with its prior position; (2) whether the party succeeded in persuading a court to accept its prior position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Quin v. Cnty. Of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013).

In this case, HSBC concentrates on the first factor but fails to submit any evidence to establish the second or third factors. While the Court agrees with HSBC that Plaintiff has taken inconsistent positions in admitting the debt in her bankruptcy and previous case with this Court, that inconsistent position alone does not warrant the enforcement of judicial estoppel. The record is devoid of any indication that Plaintiff either succeeded in persuading a court to accept her prior position or would derive an unfair advantage in now asserting that the signatures on the initial documents were forged. Thus, the Court

concludes that HSBC has failed to establish that judicial estoppel is warranted at this time and denies HSBC's motion on this issue.

Regarding failure to join an indispensable party, HSBC has failed to establish that Mr. Lorenzen is indispensable. While it is true that Mr. Lorenzen will most likely be a necessary witness in this matter, it is not entirely clear that he is a necessary party. HSBC argues in conclusory fashion that (1) the Court is unable to afford complete relief among the parties without Mr. Lorenzen's appearance and (2) HSBC may be exposed to double or inconsistent obligations without Mr. Lorenzen's appearance. Dkt. 13 at 12. HSBC, however, fails to clearly articulate how either of these concerns are likely. Thus, the Court denies HSBC's motion on this issue.

## III.  ORDER

Therefore, it is hereby **ORDERED** that HSBC motion to dismiss, Dkt. 13, is **DENIED** without prejudice.

Dated this 13th day of September, 2019.

BENJAMIN H. SETTLE
United States District Judge