UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AIMEE VEDEN a/k/a LORENZEN,<br><br>             Plaintiff,<br><br>   v.<br><br>HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH INVESTORS INC., MORTGAGE PASS-THROUGH CERTIFICATES, MANA SERIES 2007-OAR5<br><br>             Defendant. | CASE NO. C19-5434 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Aimee Veden's ("Veden") motion for leave to file an amended complaint. Dkt. 26. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 17, 2019, Veden filed a complaint against Defendant HSBC Bank USA National Association, as Trustee for the holders of the Merrill Lynch Investors Inc.,

Mortgage Pass-Through Certificates, Mana Series 2007-OAR5 ("HSBC") asserting claims for quiet title, unjust enrichment, and declaratory judgment. Dkt. 1. On November 20, 2019, Veden filed the instant motion requesting leave to amend her complaint. Dkt. 26. On December 2, 2019, HSBC responded. Dkt. 27. Veden did not reply.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that, after the initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." *Id*. This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The court ordinarily considers five factors when determining whether to grant leave to amend a complaint: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The burden is on the party opposing amendment to show that amendment is not warranted. *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

In this case, HSBC argues that Veden's proposed claims are futile because they are barred by the statute of limitations. Dkt. 27 at 5–7. The Court agrees. Veden's claims are based on allegations of events that took place in 2007, 2011, and 2014, which

are well before the relevant statutes of limitations for her proposed claims.  Therefore, the Court denies Veden's motion for leave to amend.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Veden's motion for leave to file an amended complaint, Dkt. 26, is **DENIED**.

Dated this 10th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge