UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AIMEE VEDEN a/k/a LORENZEN,<br><br>            Plaintiff,<br><br>   v.<br><br>HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH INVESTORS INC., MORTGAGE PASS-THROUGH CERTIFICATES, MANA SERIES 2007-OAR5,<br><br>            Defendant. | CASE NO. C19-5434 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant HSBC Bank USA National Association, as Trustee for the holders of the Merrill Lynch Investors Inc., Mortgage Pass-Through Certificates, Mana Series 2007-OAR5's ("HSBC") motion for summary judgment. Dkt. 66. Pro se Plaintiff Aimee Veden claims that HSBC's deed of trust on her home was forged and is invalid. She sued to quiet title in her favor. HSBC argues there is no evidence supporting her forgery claim. The Court has considered the briefings filed in

ORDER - 1

support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL BACKGROUND

On May 17, 2019, Veden filed a complaint against HSBC, her mortgage lender, asserting claims for quiet title, unjust enrichment, and declaratory judgment. Dkt. 1. Veden and Jason Lorenzen[1] (then unmarried) bought property located at 21315 Orting Kapowsin Highway East, Graham, Pierce County, Washington ("the Property") in March 2002. Dkt. 69, Declaration of Jason Lorenzen ("Lorenzen Decl."), ¶ 3. The address of the Property has since changed to 13611 214th Street East, Graham, Pierce County, Washington. *Id.*

After Veden and Lorenzen were married in April 2003, Veden voluntarily signed a Quit Claim Deed making the Property a community asset. *Id.* ¶ 4; Dkt. 69, Ex. B, at 8–9. Veden testified at her deposition that she does not recall signing the 2003 Quit Claim Deed. Dkt. 67-1, Deposition of Amy Veden ("Veden Dep."), at 21:24–22:7.

In August 2006, Veden and Lorenzen jointly refinanced the Property by borrowing $225,250 from Fremont Investment & Loan. Lorenzen Decl., ¶ 5. As part of the 2006 refinance, Veden and Lorenzen signed a Deed of Trust. *Id.*; Dkt. 69, Ex. C, at 11–26. Lorenzen declares that he watched Veden initial each page and then sign the Deed of Trust. Lorenzen Decl., ¶ 5. Their signatures were additionally notarized. Veden again testified at her deposition that she did not recall signing the specific 2006 Deed of Trust

---

[1] Plaintiff used her former married name, Aimee Lorenzen, on multiple documents at issue in this case. The Court refers to her as Aimee Veden for clarity.

but did recall "signing a whole bunch of documents." Veden Dep. at 36:3–18. She further testified that she could not validate whether her signature was accurate because she could not remember signing the documents and the signature analysis (purportedly performed by a forensic handwriting and document examiner expert Veden commissioned as alleged in her complaint) told her that it is not her signature. *See id.* at 35:13–36:8; Dkt. 1, ¶¶ 22–28.

In June 2007, Veden and Lorenzen again jointly refinanced the Property by borrowing $238,400 from Firstline Mortgage, Inc. Lorenzen Decl., ¶ 6; *see also* Dkt. 69, Ex. D, at 28–52. Veden testified that she recalled signing documents related to the 2007 loan but again did not recall any specific documents. Veden Dep. at 48:18–49:22. Lorenzen and Veden again signed a Deed of Trust, and Lorenzen declares that he watched Veden initial each page and then sign the 2007 Deed of Trust. Lorenzen Decl., ¶ 6. Veden and Lorenzen's signatures were notarized, and the notary who notarized the 2007 Deed of Trust declares that she confirmed both Veden and Lorenzen's identities, witnessed the signatures, and then notarized the document. Dkt. 70, Declaration of Jo E. Geiger ("Geiger Decl."), ¶ 3.

The 2007 Deed of Trust identifies Lorenzen and Veden as the grantors, Firstline Mortgage as the lender, Fidelity National Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for the lender's successors and assigns, as the beneficiary. Dkt. 68, Declaration of Fay Janati ("Janati Decl."), ¶ 6. The 2007 loan additionally paid off the remaining balance of $229,197 on the 2006 loan from Fremont Investment & Loan. *Id.* ¶ 7; Lorenzen Decl., ¶ 6. MERS

assigned the 2007 Deed of Trust to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP on June 21, 2011. Janati Decl., ¶ 8. Bank of America, N.A. succeeded BAC by merger, and Bank of America assigned the 2007 Deed of Trust to HSBC on January 3, 2014. *Id.* ¶ 9. Bank of America executed another assignment to HSBC on June 19, 2014. *Id.* ¶ 10. All of the assignments were recorded in Pierce County, Washington.

In 2014, Veden and Lorenzen jointly filed for bankruptcy protection. Lorenzen Decl., ¶ 7. The bankruptcy petition identified Veden and Lorenzen's assets and liabilities, including the 2007 mortgage loan secured by the Deed of Trust. *Id.* Veden confirmed at her deposition that the 2014 bankruptcy confirmed that she and Lorenzen had a mortgage dated June 25, 2007 against the Property and that they owed $311,736. Veden Dep. at 84:1–11.

Veden and Lorenzen subsequently divorced. As part of the divorce proceeds, Lorenzen quit claimed his interest in the Property to Veden. Lorenzen Decl., ¶ 9; *see also* Dkt. 69, Ex. E, at 54–56. The divorce was finalized in 2018, and the final divorce order specifically states that "Petitioner [i.e., Veden] must pay debts including mortgage of home, accrued after January 19, 2017." Dkt. 69, Ex. F, at 60.

Veden made mortgage payments secured by the 2007 Deed of Trust from 2007 forward. Veden Dep. at 125:5–6. She also testified that she does not dispute the amount owed to HSBC under the Promissory Note and 2007 Deed of Trust. *Id.* at 104:20–25.

1       Veden brought this real estate quiet title action to eliminate HSBC's Deed of Trust

2  securing the 2007 mortgage loan on the Property. Dkt. 1. She asserts that her signature on

3  the 2007 Deed of Trust and Promissory Note were forged. *Id.*

4       On June 30, 2021, HSBC moved for summary judgment. Dkt. 66. Veden did not

5  timely respond, and on July 23, 2021 HSBC filed a timely reply. Dkt. 71. On July 28,

6  2021, Veden responded, asserting that she did not receive HSBC's motion until July 13,

7  2021. Dkt. 72. On July 30, 2021, HSBC filed a supplemental reply and requested

8  sanctions for having to file the supplemental briefing. Dkt. 74.

## II.   DISCUSSION

10      HSBC moves for summary judgment on Veden's claims for quiet title and unjust

11 enrichment, arguing that her claims are unsupported by evidence.

12 **A.     Summary Judgment Standard**

13      Summary judgment is proper only if the pleadings, the discovery and disclosure

14 materials on file, and any affidavits show that there is no genuine issue as to any material

15 fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

16 The moving party is entitled to judgment as a matter of law when the nonmoving party

17 fails to make a sufficient showing on an essential element of a claim in the case on which

18 the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

19 (1986). There is no genuine issue of fact for trial where the record, taken as a whole,

20 could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

21 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

22 present specific, significant probative evidence, not simply "some metaphysical doubt").

1  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

2  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing

3  versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253–54 (1986); *T.W.*

4  *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

5        The determination of the existence of a material fact is often a close question. The

6  Court must consider the substantive evidentiary burden that the nonmoving party must

7  meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

8  U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual

9  issues of controversy in favor of the nonmoving party only when the facts specifically

10  attested by that party contradict facts specifically attested by the moving party. The

11  nonmoving party may not merely state that it will discredit the moving party's evidence

12  at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

13  *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

14  nonspecific statements in affidavits are not sufficient, and missing facts will not be

15  presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

16  **B.**    **Quiet Title**

17        Veden brings a claim for quiet title, requesting that the Court enter a judgment that

18  the title of the Property is vested in her alone and that, since the 2007 Deed of Trust was

19  forged, HSBC has no right, title, or interest in the Property. Dkt. 1, ¶ 33. A quiet title

20  action is designed to resolve competing claims of ownership or the right of property

21  possession. *See Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001).

22

1     Veden's theory for her quiet title claim is that her signature was forged and that HSBC's claim on the Property is invalid. HSBC argues, and the Court agrees, that it is a bona fide encumbrancer for value. *See* Dkt. 66 at 12–14. A bona fide encumbrancer is "one who gives valuable consideration, in good faith, without actual or constructive notice of another's right, claim or interest in the property." *Smith v. Spokane Cnty.*, 67 Wn. App. 478, 481 (1992) (citing *Tomlinson v. Clarke*, 118 Wn.2d 498, 500 (1992); *Glaser v. Holdorf*, 56 Wn.2d 204, 208–09 (1960)). HSBC purchased the 2007 Deed of Trust for value via an assignment from Bank of America and has a valid claim on the Property. Veden has made payments in accordance with the 2007 Deed of Trust, seemingly up until she initiated this litigation. Veden's claim for quiet title fails as a matter of law because the 2007 Deed of Trust is valid and because HSBC is a bona fide encumbrancer.

    Additionally, HSBC has provided overwhelming evidence that Veden did in fact sign the 2007 Deed of Trust through the declarations of Lorenzen, her then-husband, and Geiger, the notary, who both declare that they witnessed Veden sign the document. *See* Lorenzen Decl., ¶ 6; Geiger Decl., ¶ 3. Veden, in response, has not provided any evidence to support her claim that her signature was forged. *See* Dkt. 72. She denies signing the documents that HSBC produced and states that she has retained a different forensic document examiner, Michael Wakshull, in order to determine the authenticity of the signatures. *Id.* at 2. However, Veden has not produced any evidence in support of this argument nor has she disclosed Wakshull as an expert in accordance with the scheduling order of this case.

1    Veden may not merely state that she will discredit HSBC's evidence at trial, in the
2    hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*,
3    809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). A genuine issue of fact cannot be
4    created "where the only evidence presented is 'uncorroborated and self-serving'
5    testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)
6    (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). Her testimony
7    that she does not remember specifically signing the 2007 Deed of Trust does not create a
8    genuine issue of material fact.
9    Importantly, even if Veden had evidence through either of her forensic
10   handwriting experts, HSBC's claim on the Property would still be valid because it is a
11   bona fide encumbrancer for value. Washington law holds that an encumbrancer may rely
12   on the record chain of title and, in the absence of notice of an alleged fraud, is not bound
13   to go outside the records to inquire about them. *See Diimmel v. Morse*, 36 Wn.2d 344,
14   347 (1950). Unless a lender has actual or constructive notice of the fraud and the
15   remaining interest in the land, the lender's interest will prevail over even that of the
16   innocent, defrauded party. *See id.* at 347 ("[A] deed to which the grantor's signature was
17   secured by fraud does not stand on the same footing as a forged deed, so far as concerns
18   an innocent encumbrancer in good faith and for value.").
19   The uncontroverted evidence, despite Veden's testimony that she did not
20   remember signing the document, is that Veden signed the 2007 Deed of Trust. The Deed
21   of Trust is thus valid and enforceable as a matter of law. But even if there was evidence
22   of fraud, HSBC has established that it is an bona fide encumbrancer and that it did not

need to go outside the records to inquire about the fraud. Its interest in the Property is valid and enforceable.

Summary judgment is therefore GRANTED as to Veden's quiet title claim.

## C.     Unjust Enrichment

Under Washington law, "[u]njust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484 (2008). The elements are: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Id*. at 484–85.

Veden alleges that HSBC unjustly enjoyed economic benefits in the nature of her mortgage payments and that its economic benefit was a direct result of its fraudulent use of the forged 2007 Deed of Trust. Dkt. 1, ¶¶ 35–39.  However, Veden does not respond to HSBC's arguments regarding her unjust enrichment claim and rather argues that it was not possible for MERS, who was the beneficiary of the 2007 Deed of Trust, to assign the Deed. *See* Dkt. 72 at 3–4.

A party's failure to respond to a motion for summary judgment does not permit the court to grant the motion automatically. *See Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) ("[A] motion for summary judgment may not be granted based on a failure to file an opposition to the motion."). Rather, the court may only "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see*

*Heinemann*, 731 F.3d at 916. Where facts asserted by the moving party in an unopposed motion are concerned, the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see Heinemann*, 731 F.3d at 917. Furthermore, a plaintiff's unverified allegations contained in her complaint do not themselves create genuine disputes of material fact. *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006).

The Court agrees with HSBC that there is no evidence that it has been unjustly enriched by any alleged fraud. As discussed above, the evidence is that Veden signed the 2007 Deed of Trust. But even if there was any evidence of fraud, HSBC's interest in the Property as a bona fide encumbrancer takes precedent over Veden's interest. HSBC, therefore, was not unjustly enriched by Veden's mortgage payments and was rather paid what it was owed under the Promissory Note and the Deed of Trust.

Summary judgment is therefore GRANTED as to Veden's unjust enrichment claim.

**D.     Declaratory Judgment**

Finally, Veden seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the title of the Property is vested in Veden alone and that HSBC has no estate, right, title, or interest in the Property. Dkt. 1 at 9–10. Given that the Court has granted summary judgment on Veden's substantive claims, there are no substantive claims upon which to base her demand for declaratory judgment. Her claim for declaratory judgment is therefore DISMISSED with prejudice.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant HSBC's motion for summary judgment, Dkt. 66, is **GRANTED**. All of Veden's claims are **DISMISSED** with prejudice.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 24th day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge